**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AURELIA D. GASHER,**

**Plaintiff**

**v.** **Case No.:** 8:02-CV-1735-T-26EAJ

**MICHAEL MURPHY, SCOTT ROBINSON, MICHAEL BULLOCK, and the FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, a Political Subdivision of the State of Florida,**

**Defendants.**
_______________________________________/

## COMPLAINT

Plaintiff Aurelia D. Gasher (hereinafter "Ms. Gasher") by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 3, 4(a) and (c)(1) and 7(a), files and serves upon Defendants Michael Murphy, Scott Robinson, Michael Bullock, and the Florida Department of Environmental Protection, a political subdivision of the State of Florida (hereinafter "Defendants") her Complaint in the above-referenced matter.

## NATURE OF THE CLAIM

1. This is an action for damages, declaratory relief and injunctive relief based on unlawful employment practices committed by Defendants in violation of the provisions of the Americans With Disabilities Act of 1992, Title 42 U.S.C. §§12101-12117 (ADA), inclusive, the Age Discrimination in Employment Act, Title 29 U.S.C. §621, *et seq.* (ADEA), Title VII of the U.S. Civil Rights Act of 1964, §706(f), the Family and Medical Leave Act of 1993, Title 29 U.S. C. Sec. 2601 *et seq.* (FMLA), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01-760.11 (FCRA), the Florida Parental or Family Medical Leave Act, Fla. Stat. §110.221, and Fla. Stat. 768.28.

TΦ 18876
$150.00

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§1331,1343(3) and 1343(4). This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

## VENUE

3. The claims asserted in this Complaint arose in the above described district and division. Ms. Gasher is a citizen of the United States, and a resident of the County of Sarasota, State of Florida, during the relevant time period of this cause of action. Accordingly, venue lies in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391(b).

4. Defendant Murphy is, upon information and belief, a resident of the County of Sarasota, State of Florida.

5. Defendant Robinson is, upon information and belief, a resident of the County of Pinellas, State of Florida.

6. Defendant Bullock is, upon information and belief, a resident of the County of Leon, State of Florida. As assistant director of the Florida DEP, Defendant Bullock supervises the daily operations of the DEP's District IV administrative office at Oscar Scherer State Park in Osprey, Florida, where Ms. Gasher was employed at the time of her illegal termination, and was the DEP agent who illegally terminated Ms. Gasher.

7. Defendant DEP is a political subdivision of the state of Florida, with its headquarters office in the city of Tallahassee, County of Leon, State of Florida, and operating state parks and other facilities throughout the state of Florida, within the meaning of 28 U.S.C. §1391(c).

**BASIS FOR RELIEF**

8. Plaintiff brings this action pursuant to the provisions of the Americans With Disabilities Act of 1992, Title 42 U.S.C. §§12101-12117 (ADA), inclusive, for declaratory and equitable relief and for damages to compensate her for the economic loss, mental pain and anguish and other damages caused by Defendant's unlawful and discriminatory employment action, termination, because Plaintiff is "a qualified person with a disability" as that term is defined by the ADA.

9. Plaintiff also brings this action pursuant to the provisions of the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.01-760.11, for declaratory and equitable relief and for damages to compensate her for the economic loss, mental pain and anguish, and other damages caused by the Defendant's unlawful, discriminatory employment practices committed against Plaintiff because of Plaintiff's age (59 years old) and her disability.

10. Plaintiff also brings this action pursuant to the provisions of Title 29 U.S.C. §621, *et seq.*, the Age Discrimination in Employment Act (ADEA), for declaratory and equitable relief and for damages to compensate her for the economic loss, mental pain and anguish, and other damages caused by Defendant's discriminatory treatment in employment of Plaintiff based on her age.

11. Plaintiff also brings this action pursuant to the provisions of Title 29 U.S.C. §2601, *et seq.*, the Family and Medical Leave Act (FMLA), for declaratory and equitable relief and for damages to compensate her for the economic loss, mental pain and anguish, and other damages caused by Defendant's discriminatory treatment in employment of Plaintiff based on her need for employment leave.

12. Plaintiff also brings this action pursuant to the provisions of Florida Statute §110.221, the Florida Parental or Family Medical Leave Act, for declaratory and equitable relief and for damages to compensate her for the economic loss, mental pain and anguish, and other damages caused by Defendant's discriminatory treatment in employment of Plaintiff based on her need for employment leave.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Ms. Gasher was unlawfully discharged from her position of administrative assistant to the Bureau Chief of DEP's District IV Administrative Office, at Oscar Scherer State Park in Osprey, Florida, on January 31, 2002.

14. On February 15, 2002, Ms. Gasher filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission in Tampa, Florida, asserting her claims for age and disability discrimination and retaliation, in violation of the ADA, the ADEA and Title VII of the U.S. Civil Rights Act of 1964, as amended. This complaint was dual filed with the Florida Commission on Human Relations, Americans With Disabilities Act of 1992, Title 42 U.S.C. §§12101-12117 (ADA), inclusive, when Ms. Gasher checked the box on the EEOC Charge form confirming her request that the Charge be dual filed with the state agency, and signed the charge form. On March 27, 2002, Plaintiff filed a perfected Charge of Discrimination with the EEOC, at that agency's request. A copy of Plaintiff's perfected EEOC Charge of Discrimination is attached as **Exhibit 1.**

15. Separately, Ms. Gasher on February 15, 2002, filed a Charge of Discrimination with the Florida Commission on Human Relations in Tallahassee, Florida, asserting her claims for age and disability discrimination, and retaliation in violation of the Florida Civil Rights Act. A copy of Plaintiff's FCHR charge is attached as **Exhibit 2.** On August February 22, 2002,

the FCHR notified Plaintiff that her complaint was being referred to the EEOC for processing. A Copy of the FCHR's letter is attached as **Exhibit 3.**

16. Ms. Gasher's charges were filed within 310 days of the last date on which the unlawful employment practices occurred. The Defendants' practices in violation of the enumerated statutes continue to occur with respect to Plaintiff to the present day. These occurrences are sufficient to satisfy the jurisdictional prerequisites of Title 29 U.S.C. §621, *et seq.*, and Fla. Stat. §760.01-.11.

17. On June 19, 2002, the EEOC mailed Ms. Gasher her Notice of Right to Sue, which was received by Ms. Gasher and her undersigned counsel on June 26, 2002. A copy of the EEOC's Notice of Right to Sue to Ms. Gasher is attached as **Exhibit 4**. This suit is filed within 90 days of Ms. Gasher's receipt of said Notice, and is therefore timely.

18. More than 180 days have passed since the filing of Ms. Gasher's charge to the FCHR, without a determination having been made by the Commission. Pursuant to Fla. Stat. §760.04, .05 and .08, Ms. Gasher is authorized to file her cause of action, and this action is timely.

19. On September 24, 2002, Ms. Gasher provided written notice of her claims to the Office of the General Counsel of the DEP and to the State of Florida Department of Insurance, pursuant to Fla. Stat. §768.28(6). Copies of said notices are attached as **Exhibits 5 and 6**. On that basis as well, this suit is timely.

## <u>COMMON ALLEGATIONS</u>

20. Ms. Gasher is a 59-year-old female person with a disability and a resident of the City of North Port, County of Sarasota, State of Florida. As such, Plaintiff is a protected individual

pursuant to the above-referenced state and federal anti-discrimination statutes.[1]

21. Defendant DEP is a political subdivision of the state of Florida, existing under the laws and constitution of the State of Florida, with its principal place of business at 3900 Commonwealth Blvd., Tallahassee, Florida, and operating state parks, recreational facilities and environmental services offices throughout the state. The DEP is Ms. Gasher's employer pursuant to each of the enumerated statutes in paragraph 1 of this Complaint.

22. Defendant Murphy is the DEP District IV Bureau Chief headquartered at Oscar Scherer State Park in Osprey, Florida, was one of Ms. Gasher's two immediate supervisors during her employment at that office, and Ms. Gasher's employer pursuant to the FMLA.

23. Defendant Robinson was, during the relevant time period of this cause of action, the assistant to the Bureau Chief of the District IV Administrative Office, and the other of Ms. Gasher's two immediate supervisors during her period of employment at that office.

24. Defendant Bullock is the assistant director of the DEP, Defendant Murphy's immediate supervisor and one of Defendant Robinson's supervisors.

25. Plaintiff was hired by Defendant DEP in February1987, as an administrative assistant in Gainesville, Florida. She worked in that capacity for more than four (4) years, earning sterling reviews for her work performance.

26. In1991, Ms. Gasher transferred to St. Augustine to work for the newly established District IV Administrative Office, maintaining her status and tenure in the state employment system and her accumulation of earned leave time.

---

[1]In the event the Court finds Ms. Gasher is not a qualified person with a disability, then Ms. Gasher alleges that Defendants regarded Ms. Gasher as disabled, and as a result discriminated against her in failing to maintain her employment, in violation of the ADA and FCRA, and Ms. Gasher remains a protected individual pursuant to those statutes.

27. In1993, Ms. Gasher transferred to the then District VII Administrative Office located in Osprey, Florida after the closure of the St. Augustine facilities, as an administrative assistant reporting to Defendant Murphy.[2] She continued to receive sterling performance reviews from Defendant Murphy, as well as additional supervisors added between Ms. Gasher and Defendant Murphy later in 1996.

28. In January, 1999, however, Ms. Gasher was diagnosed to be suffering from a large brain tumor. She notified her supervisors of her condition and began treatment from medical professionals, which included frequent MRI's and anti-seizure medication. Despite qualifying as a person with a disability pursuant to the ADA, Ms. Gasher did not seek or request any accommodation from her employers for her debilitating medical condition. Ms. Gasher continued to perform her work duties to her own usual high standards.

29. However, Defendant Robinson and Defendant Murphy, from the moment they learned of Ms. Gasher's medical condition, began to criticize and undermine Ms. Gasher's work performance. Defendant Robinson particularly, with the acquiescence of Defendant Murphy, began to find fault with Ms. Gasher's performance, although there was no basis or merit to Defendant Robinson's criticisms.

30. Defendant Robinson accused Ms. Gasher falsely of lapses in performance which had not occurred. Defendant Robinson accused Ms. Gasher falsely of errors in performance which had not occurred, or had not been committed by her.

31. Ms. Gasher was forced to defend herself repeatedly against Defendant Robinson's false accusations, correcting his erroneous accusations that she had missed assignments (which

---

[2]The Osprey location later became DEP's District IV office.

she had not) and correcting his erroneous accusations of errors which had not occurred, or which she had not committed.

32. After learning of her illness, Defendant Robinson routinely questioned or accused Ms. Gasher of having suffered a tumor-related seizure at work, when no such seizure had occurred, and would comment derisively when Ms. Gasher would deny any seizure had occurred.

33. Defendant Robinson also made disparaging and discriminatory remarks to Ms. Gasher about her medical condition, sometimes in the presence of her co-workers and sometimes directly to her co-workers.

34. Defendant Murphy ignored Defendant Robinson's discriminatory discipline, false accusations and comments, and either failed or refused to act upon Ms. Gasher's complaints to him about Defendant Robinson's conduct.

35. Instead, Defendant Murphy began to encourage Ms. Gasher to quit her employment, either by taking early retirement or disability retirement. Defendant Murphy's suggestions evidenced he regarded Ms. Gasher as a disabled person, although she had at this point not sought or requested any workplace accommodation for her illness.

36. Ms. Gasher rejected Defendant Murphy's discriminatory suggestions, because they would have forced her to accept a far lower monthly retirement benefit than she was otherwise entitled to upon reaching a 20-, 25- or 30-year milestone of state employment.

37. Upon information and belief, Defendant Murphy was unable to accept or to deal with Ms. Gasher's medical condition, a form of cancer, because at or about the same time of Ms. Gasher's diagnosis Defendant Murphy had endured the death of his wife after a long battle against cancer.

38. Ms. Gasher kept a record of instances in which Defendant Robinson falsely accused her of lapses or errors in performance, as well as a record of his discriminatory and disparaging comments to her co-workers, or to Ms. Gasher in the presence of co-workers.

39. Defendant Robinson's false accusations and unfounded criticisms, based solely on his own prejudice towards persons suffering from illness or perceived disability, continued and escalated into and throughout the 2000 calendar year.

40. Defendant Murphy continued to acquiesce in and to ignore Defendant Robinson's discriminatory conduct.

41. In May 2000, after years of consistently exemplary evaluations, Defendant Robinson evaluated Ms. Gasher negatively, not based on any accurate or factual assessment but based solely on his prejudice towards employees with illness, disability or perceived disability.

42. Defendant Murphy ignored Ms. Gasher's protests and objections to Defendant Robinson's erroneous evaluation.

43. Defendants Murphy and Robinson's actions were willful, wanton and reckless, as those terms are defined and contemplated in Fla. Stat. §768.28.

44. In November 2000, Ms. Gasher suffered a seizure, was hospitalized and in December 2000 underwent surgery to remove her brain tumor. Ms. Gasher sought and received leave from her job duties earned by her during the course of her17 years of employment with the state.

45. Defendant Murphy, in an e-mail to Ms. Gasher at her home, promised Ms. Gasher her job would be preserved and waiting for her until she recovered completely from her surgery, no matter how long it took for her to do so. A copy of this e-mail is attached as **Exhibit 7**.

46. Ms. Gasher's rights under then-existing leave regulations for state employees provided job protection for Ms. Gasher's position while she was on leave. In spite of those regulations,

Defendant Robinson illegally filled Ms. Gasher's administrative assistant's position with a replacement less than one week after her surgery, without benefit of information or medical evaluation as to the length of time Ms. Gasher would be required to be on leave.

47. Ms. Gasher continued on her earned leave from the date of her surgery in December 2000, until her treating physicians cleared her to return to work in March 2001, but with an accommodation that she be permitted to tele-commute to the work site in Osprey, Florida from her home in North Port, Florida until she was cleared to drive her own automobile.[3]

48. Pursuant to DEP and state tele-commuting policies, Defendant Robinson was obligated to forward Ms. Gasher's tele-commuting request to DEP personnel division authorities in Tallahassee. However, Defendant Robinson ignored his responsibility pursuant to those policies and ignored Ms. Gasher's tele-commuting proposal, until Ms. Gasher contacted him repeatedly by e-mail and telephone message regarding her proposal.

49. After Ms. Gasher received a verbal conditional release from her doctors to work in this manner, Ms. Gasher prepared and provided to Mr. Robinson a detailed tele-commuting proposal showing how she could perform her daily job duties from her own home office.

50. In or about April/May 2001, Defendant Robinson summarily denied the proposal, a decision outside the bounds of his authority, and again refused to forward the request to personnel department officials in Tallahassee.

51. Only at Ms. Gasher's insistence did Defendant Robinson finally forward her tele-commuting request to personnel department authorities in Tallahassee, with his disapproval of same.

---

[3]Because of occasional, but unpredictable seizures, Ms. Gasher's treating physicians would not clear her to drive her own automobile, though she retains her license and is not prohibited by state authorities from driving.

DEP personnel department authorities affirmed Defendant Robinson's denial, without explanation and without providing Ms. Gasher an opportunity to defend or explain her proposal.

52. At or about the same time and in violation of the FMLA, Defendant Robinson without Ms. Gasher's knowledge or permission contacted Ms. Gasher's treating physicians directly, seeking their medical opinions regarding when Ms. Gasher could return to work in the district IV office.

53. All of Ms. Gasher's treating physicians reported to Defendant Robinson that Ms. Gasher could return to work full-time, so long as she was provided the accommodation of tele-commuting from her home until they cleared her to drive her own automobile.

54. Defendant Robinson angrily refused to accept Ms. Gasher's treating physicians' responses, insisting they authorize Ms. Gasher return to work in the park district office. When they refused, Defendant Robinson ignored their medical opinions that Ms. Gasher was able to return to work through tele-commuting.

55. Defendants Murphy and Robinson continued to deny Ms. Gasher's requested reasonable accommodation, with approval now from DEP personnel officials, claiming they needed to have "face to face" communication to supervise Ms. Gasher and therefore needed her to work in the park district office.

56. Defendants' stated reasons for denial of the reasonable accommodation requested are pre-textual. Ms. Gasher worked in a different building than both her supervisors at the park district office, and had no more than coincidental "face to face" contact with them when she was working there.

57. Defendants' stated reasons for denying Ms. Gasher her requested reasonable accommodation are pre-textual because other persons not in the protected categories of age or disability, performing exactly the same job functions in other DEP park district offices in Florida, have requested and been granted this very same accommodation of tele-commuting, indefinitely, based upon their commuting distance from their home to the office, or to recover after giving birth to a new baby.[4] Thus, Ms. Gasher's requested accommodation was "reasonable" pursuant to the ADA and FCRA.

58. Defendants' stated reasons for denying Ms. Gasher her requested reasonable accommodation are pre-textual because in this very same park district IV office, another employee, a former accountant not in the protected categories of age or disability, was previously accommodated following her surgery to work from home, indefinitely.

59. Defendants Murphy and Robinson authorized work be brought to that employee's home by other park personnel, then retrieved the following day by other park personnel, on state time and utilizing state vehicles. Thus, Ms. Gasher's requested accommodation was "reasonable" pursuant to the ADA and FCRA.

60. On August 13, 2001, Defendants Murphy and DEP attempted to place Ms. Gasher on federal FMLA leave pursuant to that statute, asserting in correspondence that if Ms. Gasher could not recover and return to full-time duties in the park district office within twelve (12) weeks

---

[4]The job description for Ms. Gasher's position is a DEP job description, utilized statewide in all park district offices, assigning identical job duties and responsibilities to the position in each park district office.

of that date, she would be terminated.[5] A copy of Murphy's notice is attached as **Exhibit 8**.

61. This notice was an affirmative waiver by the DEP and, in turn, the State of Florida, of its 11th Amendment immunity from liability for violations of the FMLA.

62. This notice was illegal and improper pursuant to the FMLA, which states specifically that no employer can invoke the restrictions and limitations of leave under FMLA if the affected employee works in a state providing greater statutory or regulatory leave rights. Florida Statute §110.221 *et seq*., the Florida Parental or Family Medical Leave Act, and regulations governing leave for state employees provide substantially greater statutory and regulatory leave rights to persons such as Ms. Gasher than does the FMLA.

63. Furthermore, the Florida Parental or Family Medical Leave Act states the employee must request the leave. Ms. Gasher did not request such leave at this point as she was using her own earned leave for her absence as provided for in Defendant DEP's policies.

64. Additionally, Defendant Murphy further violated the FMLA in October 2001, by communicating directly with Ms. Gasher's treating physicians, without her knowledge or consent, seeking further information about her medical condition and ability to return to work. A copy of Defendant Murphy's improper communication to Ms. Gasher's physicians is attached as **Exhibit 9**.

---

[5]Ms. Gasher contends that its August 5, 2001 letter to Ms. Gasher, invoking the FMLA, constitutes an affirmative declaration by the DEP of its acceptance of the federal statute, its willingness to be bound by the FMLA's requirements, its agreement to comply with its statutory obligations and to be subject to statutory penalties for violations.

65. After Ms. Gasher protested Defendants Murphy and the DEPs' threat, they apparently reneged, and took no action to terminate Ms. Gasher from her employment when their imposed FMLA leave "expired" on or about November 5, 2002.

66. However, on or about January 14, 2002, Defendant Bullock wrote to Ms. Gasher, alleging all of her state employment leave would be exhausted as of January 28, 2002, and directing her to provide a medical release from her treating physician, clearing her to return to work, before the close of business January 24, 2002, so that she could return to work on January 29, 2002. A copy of Bullock's letter is attached as **Exhibit 10**.

67. Defendant Bullock's assertions were knowingly false. Ms. Gasher had not exhausted her rights as a state employee to apply for donations of unused personal or medical leave from her fellow state employees, and still had not requested leave available to her under the Florida Parental or Family Medical Leave Act.

68. On January 7, 2002, one week before Defendant Bullock's correspondence, Ms. Gasher had properly requested from Defendant DEP via e-mail the proper forms needed to apply for such donated leave, but her request was ignored or purposely delayed by the DEP.

69. Ms. Gasher had during her17 years of employment donated hundreds of hours of her own unused leave to co-workers throughout the state, many of whom she did not know personally, who needed to "borrow" leave time.

70. Additionally, Defendant Bullock had personally promised Ms. Gasher in a telephone conversation he initiated in April 2001, that he would donate his own unused medical leave to Ms. Gasher, and convince others in his Tallahassee office to do the same, if Ms. Gasher ran out of her own accrued leave before she was able to recover from her brain tumor surgery and return to work.

71. Despite knowledge of Ms. Gasher's intent to apply for donated leave time from co-workers so she could continue her recovery, Defendants Bullock and the DEP terminated her employment on January 31, 2002.

72. Defendants Bullock, Murphy and Robinson's actions toward Ms. Gasher were willful, wanton, and in reckless disregard for Ms. Gasher's statutory rights.

73. As a direct and proximate result of Defendants' discriminatory acts, Ms. Gasher has been forced to accept early retirement from her employment with the state of Florida, receiving far less in monthly benefits as a result of having to retire after only 17 years of employment, rather than her planned retirement after 25 years employment, under which she would have been entitled to receive full retirement benefits for the remainder of her life.

74. As a direct and proximate result of Defendants' discriminatory acts, Ms. Gasher has been forced to utilize her rights under COBRA to maintain her health insurance coverage, which forces her to fully pay her own monthly insurance premium rather than the shared payment available while still employed, and which insurance coverage will expire after 18 months, leaving her uninsurable for future medical coverage due to her existing condition.

75. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered great and irreparable economic harm and other loss. Plaintiff devoted a substantial portion of her work life to her employment with Defendant DEP. As a result of the illegal and discriminatory termination by Defendants, Plaintiff has suffered lost income, lost retirement income and lost opportunity for greater retirement income, and has been forced to take early retirement well before her retirement benefits as a state employee fully accrued.

76. As a direct and proximate result of Defendants' discriminatory acts, Plaintiff has suffered mental pain and anguish and humiliation, resulting in emotional damages for which she deserves and is entitled to compensation.

77. Plaintiff has been compelled to retain the undersigned law firm to represent her in this action, and is obligated to pay the undersigned firm reasonable fees and expenses for their services, for which she is entitled to recover.

WHEREFORE, Ms. Gasher respectfully moves this Court for a trail by jury of all of her claims so triable, for a Judgment in her favor awarding her injunctive and declaratory relief, compensatory and punitive damages, front pay, and for an award of her attorneys fees and costs associated with her efforts to obtain such recovery, and for all other and further relief to which she is entitled.

**COUNT I**

**Violation of Title 29 U.S.C. §601, *et seq.***
**The Age Discrimination in Employment Act (ADEA)**
**against the Florida Department of Environmental Protection**

78. Plaintiff reasserts and restates the allegations contained in Paragraphs 1 through 77 of the Complaint as if fully restated herein.

79. The actions by Defendant DEP as alleged by Plaintiff herein constitute a violation of Title 29 U.S.C. §601, *et seq.*, the Age Discrimination in Employment Act, prohibiting intentional discrimination on the basis of age, and Plaintiff has been damaged as a result.

80. Because of the damages sustained, Plaintiff is entitled to declaratory relief, injunctive relief and such affirmative relief as may be appropriate, including but not limited to lost wages, lost bonuses, lost vacation, lost health insurance, lost retirement benefits, reinstatement or front pay in lieu of reinstatement, and punitive damages if warranted, pursuant to the provisions of Title 29 U.S.C. §601, *et seq.*

WHEREFORE, Plaintiff requests:

a. That the court enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States;

b. that the court enjoin Defendant's continuing unlawful employment practices;

c. that the court grant Plaintiff a judgment against Defendant and award her compensatory damages for her lost wages, lost bonuses, and lost retirement benefits;

d. that Ms. Gasher be reinstated to her former position as administrative assistant in the DEP or, in lieu of reinstatement to her former position, the court grant her judgment for compensatory damages in the form of front pay;

e. that the court grant Plaintiff a judgment for compensatory damages for her mental distress and emotional pain and suffering;

f. that the court award Plaintiff punitive damages in this case, together with such other relief as the court deems appropriate;

g. that the court award Plaintiff reasonable attorneys' fees;

h. that the court award Plaintiff the costs of this action and such other and further relief as appears just and equitable in the circumstances.

**COUNT II**

**Violation of the Americans With Disabilities Act of 1992 (ADA) by Defendant Department of Environmental Protection**

81. Plaintiff reasserts and restates the allegations of Paragraph 1 through 77 of the Complaint as if fully restated herein.

82. The actions by Defendant DEP as alleged by Plaintiff herein constitute disability discrimination, in violation of the federal statute enumerated herein, and specifically in

violation of the Americans With Disabilities Act of 1992, Title 42 U.S.C. § 12101-12117 (ADA), inclusive, and Plaintiff has been damaged as a result.

83. Because of the damages sustained, Plaintiff is entitled to declaratory relief, injunctive relief and such affirmative relief as may be appropriate, including but not limited to lost wages, lost bonuses, lost vacation, lost health insurance, lost retirement benefits, reinstatement or front pay in lieu of rein statement, and punitive damages if warranted, pursuant to the provisions of Title 42 U.S.C. §12101-12117.

WHEREFORE, Plaintiff requests:

a. That the court enter a declaratory judgment that the acts and practices of the Defendants complained of herein are in violation of the laws of the United States;

b. that the court enjoin Defendant continuing unlawful employment practices;

c. that the court grant Plaintiff a judgment against Defendant and award her compensatory damages for her lost wages, lost bonuses and lost retirement benefits;

d. that the court grant Plaintiff a judgment for compensatory damages for her mental distress, emotional pain and suffering;

e. that the Court order Ms. Gasher reinstated to her former position of administrative assistant in the DEP or, in lieu of reinstatement, the court grant Plaintiff a judgment for compensatory damages in the form of front pay;

f. that the court award Plaintiff punitive damages in this case, together with such other relief as the court deems appropriate;

g. that the court award Plaintiff reasonable attorneys' fees;

h. that the court award Plaintiff the costs of this action and such other and further relief as appears just and equitable in the circumstances.

## COUNT III

## Violation of the Florida Civil Rights Act of 1992 by The Florida Department of Environmental Protection

84. Plaintiff reasserts and restates the allegations contained in Paragraphs 1 through 77 of the Complaint as if fully restated herein.

85. The actions by Defendant as alleged by Plaintiff herein constitute a violation of the Florida Civil Rights Act of 1992, and Plaintiff has been damaged as a result.

86. Because of the damages sustained, Plaintiff is entitled to declaratory relief, injunctive relief and such affirmative relief as may be appropriate, including but not limited to lost wages, lost bonuses, lost vacation, lost health insurance, lost retirement benefits, reinstatement or front pay in lieu of rein statement, and punitive damages if warranted, pursuant to the provisions of Florida Civil Rights Act of 1992, Fla. Stat. §760.01-.11.

WHEREFORE, Plaintiff requests:

a. That the court enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the State of Florida;

b. that the court enjoin Defendant continuing unlawful employment practices;

c. that the court grant Plaintiff a judgment against Defendant and award Plaintiff compensatory damages for her lost wages, lost bonuses and lost retirement benefits;

d. that, in lieu of reinstatement, the court grant Plaintiff judgment for compensatory damages in the form of front pay;

e. that the court grant Plaintiff a judgment for compensatory damages for her mental distress, emotional pain and suffering;

f. that the court award Plaintiff punitive damages in this case, together with such other relief as the court deems appropriate;

g. that the court award Plaintiff reasonable attorneys' fees;

h. that the court award Plaintiff the costs of this action and such other and further relief as appears just and equitable in the circumstances.

## COUNT IV

**Violation of The Family and Medical Leave Act by, The Florida Department of Environmental Protection, Michael Murphy, Scott Robinson and Michael Bullock**

87. Plaintiff reasserts and restates the allegations contained in Paragraphs 1 through 77 of the Complaint as if fully restated herein.

88. The actions by Defendants as alleged by Plaintiff herein constitute a violation of the Family and Medical Leave Act, 29 USC §2601, et. seq., and Plaintiff has been damaged as a result.

89. Because of the damages sustained, Plaintiff is entitled to declaratory relief, injunctive relief and such affirmative relief as may be appropriate, including but not limited to lost wages, lost bonuses, lost vacation, lost health insurance, lost retirement benefits, reinstatement or front pay in lieu of rein statement, and punitive damages if warranted, pursuant to the provisions of the FMLA.

WHEREFORE, Plaintiff requests:

a. That the court enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States;

b. that the court enjoin Defendants continuing unlawful employment practices;

c. that the court grant Plaintiff a judgment against Defendants and award Plaintiff compensatory damages for her lost wages, lost bonuses and lost retirement benefits;

d. that, in lieu of reinstatement, the court grant Plaintiff judgment for compensatory damages in the form of front pay;

e. that the court grant Plaintiff a judgment for compensatory damages for her mental distress, emotional pain and suffering;

f. that the court award Plaintiff punitive damages in this case, together with such other relief as the court deems appropriate;

g. that the court award Plaintiff reasonable attorneys' fees;

h. that the court award Plaintiff the costs of this action and such other and further relief as appears just and equitable in the circumstances.

## COUNT V

## Violation of The Florida Parental or Family Medical Leave Act by, The Florida Department of Environmental Protection, Michael Murphy, Scott Robinson and Michael Bullock

90. Plaintiff reasserts and restates the allegations contained in Paragraphs 1 through 77 of the Complaint as if fully restated herein.

91. The actions by Defendants as alleged by Plaintiff herein constitute a violation of the Florida Parental or Family Medical Leave Act, Fla. Stat. § 110.221, *et seq*., and Plaintiff has been damaged as a result.

92. Because of the damages sustained, Plaintiff is entitled to declaratory relief, injunctive relief and such affirmative relief as may be appropriate, including but not limited to lost wages, lost bonuses, lost vacation, lost health insurance, lost retirement benefits, reinstatement or front pay in lieu of rein statement, and punitive damages if warranted, pursuant to the provisions of Florida Parental or Family Medical Leave Act, Fla. Stat. §110.221, *et. seq*.

WHEREFORE, Plaintiff requests:

a. That the court enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the State of Florida;

b. that the court enjoin Defendants continuing unlawful employment practices;

c. that the court grant Plaintiff a judgment against Defendants and award Plaintiff compensatory damages for her lost wages, lost bonuses and lost retirement benefits;

d. that, in lieu of reinstatement, the court grant Plaintiff judgment for compensatory damages in the form of front pay;

e. that the court grant Plaintiff a judgment for compensatory damages for her mental distress, emotional pain and suffering;

f. that the court award Plaintiff punitive damages in this case, together with such other relief as the court deems appropriate;

g. that the court award Plaintiff reasonable attorneys' fees;

h. that the court award Plaintiff the costs of this action and such other and further relief as appears just and equitable in the circumstances.

## REQUEST FOR TRIAL BY JURY

93. Plaintiff hereby requests trail by jury on all issues so triable.

Respectfully submitted,

Andrew Froman, Esq.
BROWN CLARK CHRISTOPHER & DEMAY, P.A.,
Attorneys for Plaintiff
1819 Main Street, Suite 1100
Sarasota, Florida 34236
Tel: (941) 957-3800
Fax: (941) 957-3888
Fla. Bar No. 019429

G:\ANDREW\CLIENTS\GASHER\Pleading\Complaint.wpd

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☒ EEOC

CHARGE NUMBER: 151A200795

Florida Commission on Human Rel. and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Ms. Aurelia D. Gasher | | (941) 423-2775 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 4676 Cumbano St, North Port, FL 34287 | | 05/28/1943 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Dept Of Environmental Protection | Cat D (501 +) | (941) 483-5944 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| 1843 S. Tamiami Trail, Osprey, FL 34229-2400 | | 115 |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| | | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 01/01/1999 LATEST: 01/31/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I.+PERSONAL HARM
At the on-set of my disability in January 1999, I was systematically harassed. The harassment continued up to and including my termination on January 31, 2002. In December, 2000, my supervisors improperly filled my position before my leave time expired. In February, 2001 my physicians cleared me to return to work with an accommodation -telecommuting - until I was cleared to drive my own automobile. Since denying my requested accommodation in May 2001, my supervisors have continued to retaliate against me and to harass me about my remaining available leave time, have improperly calculated my remaining leave, and demanded paperwork from my doctors not demanded from other co-workers.

II. RESPONDENT'S REASON FOR ADVERSE ACTION
It was alleged that I had exhausted my available state employment leave and had not been certified by my doctors to return to work. My supervisors claimed they needed me in the office for face to face contact though there was little or no face to face contact between us.

III. DISCRIMINATION STATEMENT
I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act, and because of my age in violation of the Age Discrimination in Employment Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

x 3/27/02 x Aurelia Gasher
Date Charging Party

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

LINDA J. PESTANO
MY COMMISSION # CC 841550
EXPIRES: June 1, 2003
Bonded Thru Notary Public Underwriters

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)
3/27/02 Linda J. Pestano

EXHIBIT "1"

EEOC FORM 5 (Rev. 07/99)

FILE COPY

**CHARGE OF DISCRIMINATION**

AGENCY: ☐ FEPA ☒ EEOC

CHARGE NUMBER

**This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.**

Florida Commission On Human Relations and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| **Ms. Aurelia D. Gasher** | **(941) 423-2775** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| **4676 Cumbano St.** | **North Port, FL 34287-2300** | **5-28-43** |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| **Department of Environmental Protection<br>Division of Recreation and Parks, Florida Park Service<br>District 4 Administration** | **1,500+** | **(941) 483-5944<br>SC: 549-5944** |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| **1843 S. Tamiami Trail** | **Osprey, FL 34229** | **Sarasota** |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR SEX ☐ RELIGION ☐ NATIONAL ORIGIN
X RETALIATION X AGE X DISABILITY OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE

| *EARLIEST* | *LATEST* |
|---|---|
| **January, 1999** | **January, 2002** |

☒ CONTINUING ACTION

EXHIBIT
"2"
tabbies

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

**At the on-set of my illness (brain tumor) in January 1999, the DEP systematically began harassment and discrimination in an effort to discredit my work, my physical ability and my mental capacity to handle my job duties. This harassment continued up to and included my termination on January 31, 2002. My supervisors falsely claimed my illness caused me to make mistakes, to forget or fail to follow simple instructions. These knowingly false allegations were intended to and did create a hostile environment, because supervisors wanted me to voluntarily terminate my own employment and remove myself from their presence. My immediate supervisor, Scott Robinson displayed open disdain for me and any other subordinate employee who was ill or took leave time for health conditions. Robinson falsely asserted my illness was causing me to make mistakes, and retaliated against me with reprimands when I attempted to show him proof his accusations were incorrect. Mr. Robinson's supervisor, Michael Murphy refused to intervene or admonish Robinson for his discriminatory conduct. Mr. Murphy lost his wife to cancer and emotionally could not handle that I was suffering the same illness.**

**When I took leave for surgery on my tumor in December 2000, my supervisors improperly filled my position before my leave time expired, and before my rights under state and federal law to return to my position had expired. In February 2001, my treating physicians cleared me to return to work with an accommodation -- tele-commuting -- until I was cleared to drive my own automobile to and from work. Thus, I am a qualified person with a disability protected by the Americans With Disabilities Act and Florida Civil Rights Act.**

**However, when I sought such an accommodation as permitted under the ADA and FCRA my supervisors ignored my request, then denied it without explanation. Other persons without disabilities and/or not in the protected age group were permitted the very same accommodation by DEP, and persons with temporary health conditions which are not even qualified as disabilities also were permitted the same accommodation. When I appealed the denial, my appeal was also denied by DEP, for pre-textual reasons. When I modified the requested accommodation it was still denied, for pre-textual reasons. My supervisors claimed they needed me in the office for face to face contact, though there was little or no "face to face" contact between us when I was working in the office. I worked in a separate building from my immediate supervisors anyway.**

**Since denying my requested accommodation in May 2001, DEP supervisors have continued to retaliate and to harass me about my remaining available leave time, have improperly calculated my remaining leave, and demanded paperwork from my treating physicians not demanded from other co-workers. They attempted to force me to take federal Family and Medical Leave Act leave in August 2001, even though my available leave under state statutes had not been exhausted, and the FMLA specifically prohibits forced implementation of FMLA leave where state statutes afford employees greater rights than the FMLA. Supervisors rescinded the forced FMLA leave only after my legal counsel threatened suit.**

**As of January 31, 2002, DEP has terminated me, alleging I have exhausted my available state employment leave and have not been certified by my treating physicians to return to work. This is false, and in violation of my rights to donated leave, my rights to FMLA leave if I so choose, and my rights to accommodation under the ADA and FCRA. I am entitled to donated leave time from co-workers under state statute and administrative code, DEP policies, rules and regulations. Co-workers have offered to donate me leave, I have applied for donated leave, and the DEP is aware of this application. I have been denied my rights to such leave because of my disability and/or perceived disability, and my age, in violation of the ADA, the ADEA and the FCRA. I have suffered loss of income and benefits, including medical insurance - therefore medical treatment including chemotherapy has to stop due to lack of coverage. I have suffered damages to my personal and professional reputation, pain and suffering, and emotional distress, especially since surgery. The emotional distress greatly reduces my ability to recuperate from illness properly and quickly.**

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Aurelea Fasler

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 15th day of February 2002
(Day, month, and year)

Linda Pestano

Date: 2/15/02

Charging Party *(Signature)*: Aurelea Fasler

LINDA J. PESTANO
MY COMMISSION # CC 841550
EXPIRES June 1, 2003
Bonded Thru Notary Public Underwriters

State of Florida
# Florida Commission on Human Relations
*An Equal Opportunity Employer • Affirmative Action Employer*

FEB 26 2002

Jeb Bush
*Governor*

COMMISSIONERS

Rita Barreto Craig, Chair
*Palm Beach Gardens*

Roosevelt Paige, Vice Chair
*Orange Park*

Gayle Cannon
*Lake City*

John Corbett
*West Palm Beach*

Donna Elam
*Chonotossasa*

George Farrell
*Tierra Verde*

Leonie Hermantin
*Miami*

Juan Montes
*Miami*

Keith A. Roberts
*Dania Beach*

Aletta Shutes
*Tallahassee*

Billy Whitefox Stall
*Panama City*

P. C. Wu
*Pensacola*

Derick Daniel
*Executive Director*

February 22, 2002

Aurelia D. Gasher
C/o Andrew Froman, Esquire
Brown Clark Christopher & DeMay
1819 Main Street, Suite 500
Sarasota, Florida 34236-5975

Re: Aurelia D. Gasher vs. DEP/Park Service
FCHR # 22-01359

Dear Ms. Gasher:

Please be advised that the above referenced complaint of employment discrimination has been referred to our Tampa Area Office to better effectuate the purpose of the statute.

Should you have questions, please direct them to Juanita McKinnie, CRTIU Supervisor or her designated representative, who can be reached at:

Tampa Area Office, EEOC
50 East Polk Street, Room 1020
Tampa, Florida 33602
(813) 228-2310

Very Truly Yours,

*Uvonka V. Armstead*

For Joseph Cash
Intake-Customer Service Manager

EXHIBIT
tabbles
"3"

325 John Knox Road • Suite 240 • Building F • Tallahassee, Florida 32303-4149
(850) 488-7082 • 1-800-342-8170 (Complaints Only, Voice or TDD)
Investigation Fax (850) 488-5291 • Administration Fax (850) 922-5026
Web Site http://fchr.state.fl.us

# DISMISSAL AND NOTICE OF RIGHTS

To:

Ms. Aurelia Gasher
4676 Cumbano St
Northport, FL 34287

From:

U. S. Equal Employment Opportunity Commission
Tampa Area Office
501 E. Polk Street, Room 1020
Tampa, Florida 33602

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 151A200795 | G. Albi, Investigator | (813) 228-2310 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* ______________________________

## – NOTICE OF SUIT RIGHTS –

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

[signature]

Manuel Zurita, Area Director

6/19/02
*(Date Mailed)*

Enclosure
Copy of Charge

cc: State of FL, Dept of Environmental Protection
Attn: Alyce Parmer, Chief, Bureau of Personnel Services
3900 Commonwealth Building
Tallahassee, FL 32399-3000

Brown Clark et al
Attn: Andrew Froman, Esq.
1819 Main St
Sarasota, FL 34236-5975

EXHIBIT
"4"

FROM : AURELIA-GASHER FAX Apr. 27 2002 09:13AM P1

BCCD Brown Clark Christopher & DeMay
A Professional Association

Daryl J. Brown†
William G. Christopher*
Donald D. Clark
Daniel J. DeMay**
Susan L. Fara
Andrew Froman
Jennifer G. Maglio
Michael L. Morgan
W. Scott Van Ness
Norman B. Waara

ATTORNEYS & COUNSELORS AT LAW
Sarasota City Center, Suite 1100
1819 Main Street
Sarasota, Florida 34236-5999

PHONE: (941) 957-3800
FAX: (941) 957-3888

Additional Jurisdictions:
William G. Christopher -D.C., TX, VA
Jennifer G. Maglio-D.C.

†*Certified Circuit Court Mediator*
**NBTA Certified Civil Trial Specialist*
**Board Certified Business Litigation Attorney*
***Board Certified Workers' Compensation Attorney*

September 24, 2002

***Via Facsimile & Federal Express Overnight***

Office of The General Counsel
Florida Department of Environmental Protection
3900 Commonwealth Blvd., M.S. 35
Tallahassee, Florida 32399-3000

Re: **Florida Department of Environmental Protection**
***Notice of Claim by Aurelia D. Gasher***

Dear Sir or Madam:

This firm represents Aurelia D. Gasher in relation to certain claims arising out of her employment with the State of Florida's Department of Environmental Protection. Pursuant to Section 768.28(6), Florida Statutes (2001), this is to notify you that Ms. Gasher intends to pursue claims against the DEP, its officials and/or agents, including, without limitation, claims for violation of her constitutional right to due process of law, age and disability discrimination, and retaliation, in violation of federal and state law, and any other viable causes of action arising out of the circumstances related to those claims.

The DEP employed Ms. Gasher for over 17 years. Her claims arise out of a continuing series of discriminatory and retaliatory actions that began in 1999, and culminated in the termination of her employment on or about January 31, 2002. A more detailed description of her discrimination and retaliation claims are included in the enclosed charges of discrimination, which were filed with the EEOC and the Florida Commission on Human Relations.

Also enclosed is a notice of right to sue on her charges of discrimination. As you can see, she must file suit on these charges before the six-month notice period elapses. However, in keeping with the statutory purpose for notice, I will consider agreeing to a stay of the action pending the duration of the notice period if you feel that would be beneficial.

EXHIBIT
"5"

Aurelia Gasher hereby provides notice that she will seek any and all damages available as a result of the above-mentioned claims including, without limitation, back pay, front pay, interest, compensatory damages, punitive damages, attorneys' fees and costs.

Following is additional information relating to Ms. Gasher as required by statute:

1. Date of Birth: May 28, 1943

2. Place of Birth: Columbus, Georgia

3. Social Security No. 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

4. Aurelia D. Gasher owes no prior adjudicated unpaid claim in excess of $200.00.

All communications regarding this matter should be directed to the undersigned. Please respond to this notice at your earliest possible convenience.

Very truly yours,

BROWN CLARK CHRISTOPHER & DEMAY
A PROFESSIONAL ASSOCIATION

By: [signature]
Andrew Froman, Esquire

AF/ljp
Enclosures

G:\ANDREW\CLIENTS\GASHER\CORRES\Notice.DEP.wpd

BCD Brown Clark Christopher & DeMay

A Professional Association

Daryl J. Brown†
William G. Christopher*
Donald D. Clark
Daniel J. DeMay**
Susan L. Fara
Andrew Froman
Jennifer G. Maglio
Michael L. Morgan
W. Scott Van Ness
Norman B. Waara

ATTORNEYS & COUNSELORS AT LAW
Sarasota City Center, Suite 1100
1819 Main Street
Sarasota, Florida 34236-5999

PHONE: (941) 957-3800
FAX: (941) 957-3888

Additional Jurisdictions:
William G. Christopher-D.C., TX, VA
Jennifer G. Maglio-D.C.

*†Certified Circuit Court Mediator*
**NBTA Certified Civil Trial Specialist*
**Board Certified Business Litigation Attorney*
***Board Certified Workers' Compensation Attorney*

September 24, 2002

***Via Facsimile & Federal Express Overnight***

Florida Department of Insurance
Service of Process Section
200 East Gaines Street
Tallahassee, FL 32399

Re: **Florida Department of Environmental Protection**
***Notice of Claim by Aurelia D. Gasher***

Dear Sir or Madam:

This firm represents Aurelia D. Gasher in relation to certain claims arising out of her employment with the State of Florida's Department of Environmental Protection. Pursuant to Section 768.28(6), Florida Statutes (2001), this is to notify you that Ms. Gasher intends to pursue claims against the DEP, its officials and/or agents, including, without limitation, claims for violation of her constitutional right to due process of law, age and disability discrimination, and retaliation, in violation of federal and state law, and any other viable causes of action arising out of the circumstances related to those claims.

The DEP employed Ms. Gasher for over 17 years. Her claims arise out of a continuing series of discriminatory and retaliatory actions that began in 1999, and culminated in the termination of her employment on or about January 31, 2002. A more detailed description of her discrimination and retaliation claims are included in the enclosed charges of discrimination, which were filed with the EEOC and the Florida Commission on Human Relations.

Also enclosed is a notice of right to sue on her charges of discrimination. As you can see, she must file suit on these charges before the six-month notice period elapses. However, in keeping with the statutory purpose for notice, I will consider agreeing to a stay of the action pending the duration of the notice period if you feel that would be beneficial.

EXHIBIT
tabbles
"6"

Aurelia Gasher hereby provides notice that she will seek any and all damages available as a result of the above-mentioned claims including, without limitation, back pay, front pay, interest, compensatory damages, punitive damages, attorneys' fees and costs.

Following is additional information relating to Ms. Gasher as required by statute:

1. Date of Birth: May 28, 1943

2. Place of Birth: Columbus, Georgia

3. Social Security No. 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

4. Aurelia D. Gasher owes no prior adjudicated unpaid claim in excess of $200.00.

All communications regarding this matter should be directed to the undersigned. Please respond to this notice at your earliest possible convenience.

Very truly yours,

BROWN CLARK CHRISTOPHER & DEMAY
A PROFESSIONAL ASSOCIATION

By: [signature]
Andrew Froman, Esquire

AF/ljp
Enclosures

G:\ANDREW\CLIENTS\GASHER\CORRES\Notice.Ins.wpd

**Rheabop**

**From:** "Michael K. Murphy OSP SC 516-1322" <Michael.K.Murphy@dep.state.fl.us>
**To:** <rheabop@home.com>
**Sent:** Tuesday, November 21, 2000 9:13 AM

Rhea, Good Morning. Bobbi shared your E-mail with me. I am determined to help you through this in what ever way I can. AllI ask from you is to please let me.First do not worry about work your job will be here no matter how long it takes you to recover. Second please do not worry about work, I did and it took valuable time away from Ann what a loss. We will help you from the district should anything get tied up in red tape. We will support you when it is time for your suggery. Please just take care of yourself now, get nice and healthy for your sugery. The most important thing and I know this is tough right now, is to keep a positive attitude. You will lick this thing one way or another. Please let me know what I can do. Mike

EXHIBIT
"7"

# Department of Environmental Protection

Jeb Bush
Governor

Division of Recreation and Parks
District 4 Administration
1843 South Tamiami Trail
Osprey, Florida 34229

David B. Struhs
Secretary

August 13, 2001

I did not request this — I was on my own earned time.

Ms. Aurelia Gasher
4676 Cumbano Street
North Port, Florida 34287

Dear Ms. ~~Gasher~~ Rhea:

This is to inform you in accordance with the Federal Family and Medical Leave Act (FMLA) that effective today you have been placed on Family Medical Leave for up to twelve weeks of paid leave beginning August 13, 2001 and ending November 5, 2001.

You provided us with documentation for approval of FMLA leave due to a serious health condition that was completed by your Health Care Provider and received in our office on July 10, 2001. Therefore, you are authorized up to twelve weeks in accordance with the FMLA. As provided in the FMLA you are entitled to twelve weeks of unpaid leave or you may elect to use accrued paid leave. You may use your accrued sick, annual, holiday and special comp leave and sick leave pool.

This is to advise you that your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work. Also, on your return from leave, you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms of conditions of employment. If you do not return to work following FMLA leave, you can be required to reimburse the State of Florida for the employer's share of any health insurance premiums paid on your behalf during your FMLA leave.

Please coordinate the submission of any insurance premiums that may be needed during your leave of absence, with Ms. Nancy Richardson of the Bureau of Personnel Services. Ms. Richardson's phone number is 850-488-2996 ext. 227.

For other questions you have or additional information needed, please contact Vanessa Brown at 850-488-2996.

Sincerely,

[signature]

Michael K. Murphy, Chief
District 4 Parks

cc: Ms. Alyce J. Parmer
Ms. Vanessa Brown
Mr. Mike Bullock
Mr. Don Page
Mr. Scott Robinson
Mr. Andy Froman

Rhea- how are you? Please let us know. Keep eating! MKM

"More Protection, Less Process"

Printed on recycled paper.

EXHIBIT "8"

# Department of Environmental Protection

Jeb Bush
Governor

Division of Recreation and Parks
District 4 Administration
1843 South Tamiami Trail
Osprey, Florida 34229

David B. Struhs
Secretary

October 16, 2001

CONFIDENTIAL

MEDICAL INFORMATION - EXEMPT FROM PUBLIC RECORDS REQUEST

Letter sent without my knowledge or consent

**CERTIFIED MAIL # 7001 0360 0001 8693 3120**

Dr. Bruno V. Gallo
1888 Hillview Street
Sarasota, Florida 34239

RE: Aurelia Gasher
Social Security # 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

Dear Dr. Gallo:

The Department of Environmental Protection requests your professional advice concerning Ms. Gasher's medical condition and its possible effects on her ability to perform duties and responsibilities of her position. A copy of her position description is attached for your information.

We are very concerned about Ms. Gasher's ability to perform the duties of her position and the potential liability to the agency. We are in receipt of your letter dated July 10, 2001, concerning Ms. Gasher's' condition. According to your medical opinion you felt uncertain when Ms. Gasher would be able to return to work. For the last year we have made every attempt to return Ms. Gasher into the work environment. Since your July 10th letter, we have not received information concerning her ability to return to work.

See second page

Based on your July 10th letter, Ms. Gasher was placed on Federal Medical Leave Act (FMLA) that will end on November 5, 2001. The Department of Environmental Protection has no wish to violate Ms. Gasher's privacy by requesting the result of any medical test or diagnosis. Ms. Gasher's position is located in the District 4 Parks administrative office. We must, however,

EXHIBIT
tabbies
"9"

ascertain her fitness for duty and ability to perform her job duties as an Administrative Assistant II in a manner that poses no danger to herself or others.

We have the following specific questions that need your professional opinion: 1) What date will Ms. Gasher be returning to work, 2) is Ms. Gasher's' medical condition stable enough to allow her to work and perform her duties as shown on the enclosed position description, with or without restrictions and/or limitations, 3) if there are restrictions and/or limitations, what are they and, 4) when could we expect that Ms. Gasher would return to full duty as detailed in the attached position description.

We would appreciate your response by October 31, 2001. This information will be considered when making the decision regarding her return to work. Please forward this information to my attention at District 4 Administration, 1843 South Tamiami Trail, Osprey, Florida 34229.

If additional information is required in order to satisfy our request, please contact me at (941) 483-5944 or Ms. Vanessa Brown at (850) 488-2996.

Sincerely,

Michael K Murphy

Michael K. Murphy, Chief
Bureau of Parks, District 4

MKM/hvb
Enclosure: (1) Position Description # 00678
cc: Ms. Wendy Mays Spencer, Director
Division of Recreation and Parks
Ms. Alyce J. Parmer, Chief
Bureau of Personnel Services
Ms. Aurelia Gasher
Mr. Andrew Froman, Esquire

no cc to State attorney —
& no attempt other than to demand a return in person - M-F 8-5 - no flexibility considered from any proposal submitted

# Department of Environmental Protection

Jeb Bush
Governor

Marjory Stoneman Douglas Building
3900 Commonwealth Boulevard
Tallahassee, Florida 32399-3000

David B. Struhs
Secretary

January 14, 2002

Ms. Aurelia Gasher
4676 Cumbano Street
North Port, FL 34287

Dear Ms. Gasher:

It has come to my attention that your sick leave pool leave request expires on January 28, 2002. Please provide a medical release from your physician to Mr. Michael K. Murphy, Chief, Bureau of Parks District 4 on or before the close of business January 24, 2002. We look forward to your return to work at the Bureau of Parks District 4 Administrative office on January 29, 2002.

Your cooperation in this matter is greatly appreciated. If you have any questions, please contact Ms. Vanessa Brown at (850) 488-2996.

Sincerely,

Mike Bullock
Assistant Director
Florida State Parks

MB/hvb

cc: Wendy Spencer, Director
Florida State Parks
Michael K. Murphy, Chief
Bureau of Parks District 4
Alyce J. Parmer, Chief
Bureau of Personnel Services
Marshall G. Wiseheart, Assistant General Counsel
Office of General Counsel
Andrew Froman, Esquire

EXHIBIT
"10"

"More Protection, Less Process"

Printed on recycled paper